IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sonjia R. Lindsey,       Case No. 3:05 CV 7401

           Plaintiff,      MEMORANDUM OPINION
                AND ORDER

-vs-      JUDGE JACK ZOUHARY

Whirlpool Corporation,

           Defendant.

## BACKGROUND

Plaintiff Sonjia Lindsey filed suit against her former employer, Defendant Whirlpool Corporation. Plaintiff alleged a racially hostile work environment, disparate treatment, retaliation, and constructive discharge in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e) and the Ohio Civil Rights Act (Ohio Rev. Code § 4112). Defendant filed a Motion for Summary Judgement (Doc. No. 28), which was referred to United States Magistrate Judge Vernelis Armstrong for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In her Report and Recommendation, the Magistrate Judge recommended the Court grant Defendant's Motion for Summary Judgment and dismiss the case (Doc. No. 48) to which Plaintiff has filed Objections (Doc. No. 49).

In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings.

**DISCUSSION**

The Magistrate determined Plaintiff did not establish a prima facie case of a racially hostile work environment, disparate treatment, retaliation, and constructive discharge under Title VII and Ohio Rev. Code § 4112.

Plaintiff raises the following Objections to the Magistrate's Report and Recommendation:

1. the Magistrate failed to afford Plaintiff the proper assessment of credibility with respect to factual background;

2. the Magistrate failed to make proper factual inferences when determining the severity of the harassment constituting a racially hostile work environment;

3. the Magistrate failed to make proper factual inferences when determining Defendant's motives and adverse employment actions;

4. the Magistrate's analysis of Plaintiff's retaliation claim was incorrect because she did not fully explore the causal nexus; and

5. the Magistrate failed to properly evaluate the reasonable person standard for a constructive discharge claim.

Each objection is addressed below.

1. Plaintiff's credibility was "properly assessed" in the factual background

The Magistrate, properly, did not make credibility determinations and took as true all justiciable inferences in favor of Plaintiff. The moving party bears the burden of establishing that Plaintiff's evidence, taken as true, demonstrates no genuine issue of material facts to be decided at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Magistrate explicitly stated the Complaint would be used as the basis for factual analysis. Contrary to Plaintiff's Objection, complete deference was given to Plaintiff's versions of events. Plaintiff's assertion that the Magistrate's factual findings were largely taken from Defendant's briefing is incorrect. All inferences were based on Plaintiff's factual interpretations, and the Magistrate deferred to Plaintiff's credibility. The ten pages

of facts set forth in Plaintiff's Objections is a verbatim restatement from her previously filed Opposition to Defendant's Motion for Summary Judgment (Doc. No. 41). The Objection neither specifies any evidence the Magistrate missed nor identifies any improperly interpreted critical facts. After reviewing the comprehensive factual determination of the Magistrate and considering *de novo* the Record, the Court adopts the Magistrate's factual background.

2. Proper inferences were made in rejecting claim of racially hostile work environment

Based on Plaintiff's failure to establish a prima facie case, the Magistrate recommended summary judgment in favor of Defendant on the racially hostile work environment claim. Plaintiff objects to the Magistrate's finding that the cited incidents were not of sufficient severity to rise to the level of a hostile work environment.

A hostile work environment occurs "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Systems*, 510 U.S. 17, 21 (1993). The conduct must be so severe or pervasive as to create an environment that both a reasonable person and the victim regard as hostile or abusive. *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 463 (6th Cir. 2000). Plaintiff claims her depression and mental stress were a result of her work environment and were so severe her doctor prohibited her from returning to work. While Plaintiff's medical problems may well be a reflection of workplace stress or claimed harassment, thereby meeting the subjective standard, nonetheless, the incidents do not reach the level of severity required by the reasonable person standard. *See Bowman*, 220 F.3d at 464 (incidents that were "crude, offensive, and humiliating," and also included physical touching, were not severe enough to meet the reasonable person standard). Defendant correctly notes that the cases cited by Plaintiff are

factually distinguishable and include incidents far more severe than those complained of by this Plaintiff. Plaintiff fails to meet the reasonable person standard of severity for a hostile work environment and therefore fails to establish a prima facie case.

3. Proper inferences were made in rejecting the claim of disparate treatment

Plaintiff objects to the Magistrate's comprehensive finding that insufficient evidence was presented to create a genuine issue of material fact on whether race was a motivating factor in the denial of supplemental training for Plaintiff and the requirement to take a vacation day for job shadowing.

Disparate treatment claims are categorized as either single motive claims (the only reason for the employment decision was illegitimate) and mixed motive claims (the employment decision is based on both legitimate and illegitimate reasoning). *See Wright v. Murray Guard, Inc.*, 455 F.3d 702, 713 (6th Cir. 2006). The Magistrate correctly characterized Plaintiff's disparate treatment claim as mixed motive, based on Defendant's legitimate reasons for the employment actions. Title VII requires that a plaintiff, with a claim for mixed motive disparate treatment, prove that race was a motivating factor for the employer's actions, even though other factors also may have motivated the employer. *Id.* Plaintiff claims Defendant engaged in race-based disparate treatment by requiring Plaintiff to use a vacation day to shadow business personnel and by depriving her of the opportunity to attend paid supplemental training. However, other than unsupported rumors and hearsay, Plaintiff offered no evidence to support her claim that race was a motivating factor in the denial for paid leave or for supplemental training. In fact, Plaintiff admits she is unaware of any such evidence. And, without such evidence, her disparate treatment claim fails.

4

4. <u>The causal nexus for the retaliation claim was properly analyzed</u>

The Magistrate concluded Plaintiff did not show two elements of a prima facie claim of retaliation: Defendant took no employment action adverse to Plaintiff; and there was no causal connection between the protected activity and the adverse employment action. Plaintiff, however, argues that refusal to restore her to employment in October 2004, after she had filed her EEOC charge in July 2004, was an adverse action and its proximity in time demonstrates a causal connection.

An adverse action is one likely to "chill a person of ordinary firmness from continuing to engage in [protected] activity." *Leary v. Daeschner*, 228 F.3d 729, 737 (6th Cir. 2000). Although refusing to allow an employee to return to work could be considered an adverse action, here Plaintiff was delayed in her return to work due to medical restrictions and, moreover, was paid disability during her unemployment. This compensation negates any possibility that Defendant's actions were adverse to Plaintiff. Finally, the proximity of time alone, between the alleged adverse action and the protected activity, does not constitute a sufficient causal connection, and Plaintiff has established no other viable causal nexus. *See Moon v. Transport Drivers, Inc.,* 836 F.2d 226, 229 (6th Cir. 1987).

Plaintiff's Objection, again, offers no new insight but instead is a lengthy restatement of arguments from her previously filed briefing. Furthermore, actions taken by someone other than Defendant or taken before Plaintiff filed her EEOC charge cannot logically be considered a retaliatory action.

5. <u>Constructive discharge was not established</u>

The Magistrate found that a reasonable person subjected to the same conditions as Plaintiff would not have felt compelled to resign. The Magistrate did not err on this issue.

5

Plaintiff cites to no mistake here -- only broad, unrelated assertions. Her salary and job responsibilities were not reduced, and her complaints over a two year period are *de minimis*. There is simply no material disputed fact that would support a finding of constructive discharge.

**CONCLUSION**

After conducting a *de novo* review, the Report and Recommendation is adopted and affirmed. Plaintiff's claims are dismissed.

IT IS SO ORDERED.

                                                           s/ *Jack Zouhary*
                                                          JACK ZOUHARY
                                                          U. S. DISTRICT JUDGE

                                                          September 18, 2007