IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Sonjia R. Lindsey, | Case No. 3:05 CV 7401 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Whirlpool Corporation, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion for Costs (Doc. No. 57). Plaintiff filed an Opposition (Doc. No. 59) and Defendant replied (Doc. No. 60).

Plaintiff was employed by Defendant as a production line worker. Plaintiff claimed a racially hostile work environment, disparate treatment, retaliation, and constructive discharge. The case was assigned to the Magistrate and Defendant filed a Motion for Summary Judgement (Doc. No. 28). The Magistrate issued a Report and Recommendation (Doc. No. 48) in favor of granting summary judgment. Plaintiff filed Objections to the Report and Recommendation (Doc. No. 49). This Court reviewed the Objections, adopted and affirmed the Report and Recommendation, and dismissed Plaintiff's claims (Doc. Nos. 55 and 56).

## DISCUSSION

Civil Rule 54(b) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Sixth Circuit has confined the costs

that may be awarded to those itemized in 28 U.S.C. § 1920, including fees for photocopying and the taking of depositions. *In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441 (1987)).

The Sixth Circuit also has held that the language of Rule 54(b) creates a presumption in favor of awarding costs, but the district court has the discretion to deny costs. *See White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). However, because Rule 54(b) entitles the prevailing party to costs, the district court's discretion is more limited than a "nondirective" rule. *Id.* at 731-32. The district court may consider taxable expenditures that are unnecessary or unreasonably large in denying costs. *See Goostree v. State of Tennessee*, 796 F.2d 854, 864 (6th Cir 1986).

## DEPOSITION COSTS

Section 1920(2) allows costs for "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." Transcripts of depositions and related deposition fees are included under § 1920(2) when used during trial or for dispositive motions. *See BDT Products, Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 419 (6th Cir. 2005). Fees for postage, including shipping and handling charges, are overhead and are not taxable under § 1920(2). *See Elabiad v. Trans-West Exp., LLC*, No. 3:03CV7452, 2006 WL 1866137, at *2 (N.D. Ohio June 30, 2006).

Defendant requests $1,203.80 for deposition costs, and provides an itemized list of each deposition and their respective costs (Doc. No. 57, Attach. A). The postage costs for the depositions, $13.50 each, is overhead and not taxable. Defendant is awarded **$1,190.30** for deposition and transcript costs.

### COPYING COSTS

Defendant requests $58.20 for copying costs, and provides an itemized list of each document, the number of pages, and the total cost (Doc. No. 57, Attach. B). Copying costs are generally taxable under § 1920(4); however, the Court has the discretion to deny costs that are unnecessary or excessive. *See Goosetree*, 796 F.2d at 864. Each document listed by Defendant has been filed through CM/ECF, the Court's electronic docketing program. Although Plaintiff originally filed this case *pro se* and did not have access to CM/ECF, Magistrate Judge Armstrong appointed pro bono counsel on March 5, 2007, and Defendant continued to manually serve copies on Plaintiff. Defendant is requesting costs for two documents that were manually served on Plaintiff after she had access to CM/ECF. These copying costs were unnecessary, and therefore are excluded under Civil Rule 54(b). Furthermore, Defendant requests costs for not only the copy provided to Plaintiff but also a copy retained by Defendant. This cost exceeds the recoverable scope under either Rule 54(b) or Section 1920. Defendant is only awarded costs in the amount of **$25.05** for the copies manually served on Plaintiff prior to counsel being appointed.

### CONCLUSION

Defendant's Motion for Costs is GRANTED in part and DENIED in part. Defendant is awarded total costs in the amount of **$1,215.35**.

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 20, 2007